People v Cognato (2021 NY Slip Op 03339)





People v Cognato


2021 NY Slip Op 03339


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-07071

[*1]The People of the State of New York, respondent,
v
Michael Cognato, appellant.


Barket Epstein Kearon Aldea & LoTurco, LLP, Garden City, NY (Donna Aldea and Danielle Muscatello of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel; Victoria Randall on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Gia Lynne Morris, J.), dated May 29, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In establishing a defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see Correction Law § 168-n[3]). Specifically, an upward departure from the presumptive risk level is permitted only if the court determines, upon clear and convincing evidence, "'that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] guidelines'" (People v Gillotti, 23 NY3d 841, 853 [internal quotation marks omitted], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). Here, contrary to the defendant's contention, the People presented clear and convincing evidence that the defendant's communication by telephone and email with the 15-year-old victim, his former student, while he was out on bail awaiting trial for the underlying crime, in violation of an order of protection, constituted an aggravating factor not adequately taken into account by the Guidelines (see People v Brown, 163 AD3d 727). Under the circumstances, the court providently exercised its discretion in granting the People's application for an upward departure (see People v Gillotti, 23 NY3d at 861). Accordingly, the defendant was properly designated a level two sex offender.
LASALLE, P.J., HINDS-RADIX, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court